### LUNANSKY v. HAMBURG AMERICAN PACKET CO.

(Supreme Court, Appellate Term. June 28, 1906.)

CARRIERS—LOSS OF BAGGAGE—AGREEMENT AS TO LIMITATIONS.

    Where the ticket providing that action for loss of baggage should be brought in 90 days was not delivered to the passenger till long after he had paid his fare and the carrier had received his baggage, it is at most a question for the jury whether there was a valid contract.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1571.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Lunansky against the Hamburg American Packet Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

See 94 N. Y. Supp. 557.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Jacob W. Block, for appellant.

Julius J. Frank (J. Ard Haughwart, of counsel), for respondent.

McCALL, J.   This is an action to recover damages for loss of baggage intrusted to defendant by the plaintiff while he was a passenger from a point in Russia to the United States. At the close of the testimony the court below directed a verdict for the defendant. The plaintiff was a passenger on one of defendant's steamships, and claims to have delivered two pieces of baggage to it, and when notified by defendant's officers on board the ship to claim his baggage but one piece was returned to him. The plaintiff's testimony shows that, when he arrived at a place called Insterberg, on his way to Hamburg, he paid to the defendant's agent 200 marks for his passage to America. At the time he paid this money he was not given anything in return, but several hours afterwards, when he was about to board the train for Hamburg with a large number of other emigrants, his name was called out, and he was then handed an envelope, which he did not open on his way to Hamburg. Upon his arrival at Hamburg, this envelope was given by him to the defendant's agent, and at this time he delivered to the defendant the two pieces of baggage, for which he received no receipt. He was then told to get on the train about to leave for Cuxhaven, and another envelope was then handed to him, together with a ticket for his train passage. This envelope he did not open. He boarded the steamship at Cuxhaven, and soon after getting on board the last envelope handed him was delivered to an officer on board the boat, and when he asked for his baggage but one package was returned to him. He was never informed of the contents of the envelopes, although he undoubtedly was aware that they contained tickets entitling him to passage, and he made no examination of the tickets himself. Demand was made upon the defendant for the missing package both en route and also upon the plaintiff's arrival in this country, but the same has never been found. It appears that the ticket had indorsed thereon certain conditions, among others, there being one requiring that all actions to recover for loss of baggage must be brought within 90 days after the termination of the voyage, which concededly was not done in this case, and the trial judge directed a verdict for that reason.

The question now to be determined in the case is whether or not the plaintiff was bound by the conditions printed upon the back of the ticket. The distinction to be observed between express cases and baggage cases has been pointed out in the case of Bernstein v. Weir, 40 Misc. Rep. 636, 83 N. Y. Supp. 48, and often followed. The rule there laid down, founded upon a long line of decisions quoted therein, is that in

baggage cases, "whether the circumstances under which the receipt [in this case the ticket] is issued are such that the court will say that the minds of the parties met in the agreement embraced in its terms, so that the receipt constitutes the contract between the parties." Assuming, as we must in this case (a verdict having been directed), that the plaintiff's testimony is true, it cannot be said, as a matter of law, that the minds of the contracting parties ever met. The ticket containing the limitations relied upon by the defendant was not delivered to the plaintiff until long after he had paid his passage money, nor until some time after his baggage had been taken into the care of the defendant. His attention was not directed to its provisions, and, if he had personally examined, such examination would not avail, as it necessarily could not have been made until some time after his baggage was on its way. At the most, it was a question of fact for the determination of the jury whether or not, under all the circumstances, there was a valid contract existing between the parties, and this should not have been taken from them. So far as the plaintiff's story was contradicted or as to its improbability, that was equally a question for the jury, and not for the court. Neither do we pass upon the materiality or competency of the testimony objected to by either side.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs.

LEVENTRITT, J. (concurring). I concur in the result. The error committed in the dismissal of the complaint is obvious. The common-law liability of the defendant could be restricted only by a contract. If the plaintiff's version of the circumstances attending the delivery of his baggage and the receipt of the ticket is true, there was no contract. Hence, the 90-day limitation alleged to be a part thereof had no existence, and could not be invoked as the ground of dismissal. If there was no contract, the suit was timely. It was for the jury, and not the judge, to say whether there was a contract.

